IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDITH BIELEWICZ,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PENN-TRAFFORD SCHOOL DISTRICT;<br>SCOTT INGLESE, both in his individual<br>capacity and as principal of Penn-Trafford<br>High School; DEBORAH KOLONAY,<br>both in her individual capacity and as<br>Superintendent of Penn-Trafford School<br>District; HARRY SMITH, both in his<br>individual capacity and as assistant<br>superintendent of Penn-Trafford School<br>District,<br>　　　　　Defendants. | Civil Action No. 10-1176<br><br>U.S. District Judge Terry F. McVerry<br>Chief U.S. Magistrate Judge Lisa Pupo Lenihan<br><br>ECF No. 6 |

## REPORT AND RECOMMENDATION

I.　　RECOMMENDATION

Plaintiff, Judith Bielewicz ("Bielewicz"), a teacher in the Penn-Trafford School District, filed this action against Defendants Penn-Trafford School District ("the School District"), Scott Inglese ("Inglese"), the Principal of Penn-Trafford High School, Deborah Kolonay ("Kolonay"), the Superintendent of Penn-Trafford High School, and Harry Smith ("Smith"), the Assistant Superintendent of Penn-Trafford High School (collectively, "Defendants"), after she was given an unsatisfactory teacher rating for the 2008-2009 school year and ultimately suspended for allegedly failing to adhere to the "Improvement Plan" that had been imposed upon her.

It is respectfully submitted that the motion to dismiss filed by defendants (ECF No. 6) be granted with respect to plaintiff's claims of punitive damages and denied in all other respects.

II. REPORT

    A.    Factual and Procedural Background

According to the complaint, Bielewicz was hired by the School District to teach Spanish sometime in 2002. (ECF No. 1, ¶ 7). Bielewicz contends that during the 2009-2010 school year she had a student in her Spanish III Honors class who had not been doing well and was due to receive a failing grade for the third quarter. (ECF No. 1, ¶¶ 9, 10). After the student's parents called Bielewicz and school administrators to complain about the student's grades, the student was transferred from Bielewicz's class, apparently in contravention of school policy, and placed in another Spanish class with only two weeks left in the third quarter. (ECF No. 1, ¶¶ 11, 12). Bielewicz alleges that shortly thereafter she learned that the student was showing a 100 percent in Spanish in the new class. (ECF No. 1, ¶13).

It appears that Bielewicz subsequently met with Inglese and questioned the propriety of the decision to remove the student from her class as well as the fact that the student's grade was now showing 100 percent during the third quarter. (ECF No. 1, ¶14; p. 1). Bielewicz alleges that Inglese subsequently retaliated against her by lowering her teaching rating for the 2008-09 school year which, in turn, resulted in an "Improvement Plan" being imposed upon her for the following school year. (ECF No. 1, ¶15). In addition, Bielewicz contends that Defendants retaliated against her by instituting suspension proceedings based on her "alleged or de minimus failings to adhere to the letter of the Improvement Plan," and by assigning her level 1 Spanish classes to teach rather than the advanced classes she had taught previously. (ECF No. 1, ¶¶ 17, 18). Although not clear from the complaint, it appears that Bielewicz's employment was ultimately terminated. (ECF No. 1, ¶ 20; ECF No. 9, p. 4).

Bielewicz filed the instant complaint on September 3, 2010, alleging that Defendants' actions violated her rights under the First and Fourteenth Amendments to the Constitution as well as the Pennsylvania Whistleblower Law, 43 P.S. § 1421, *et seq*. Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on November 22, 2010, which is now ripe for review.

B.Standard of Review

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the Court must accept as true all allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations; rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed]

conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

C.  Discussion

Defendants first contend that Bielewicz's First Amendment claim should be dismissed because her complaints to Inglese regarding the removal of the student from her class are not protected under the First Amendment because she was not speaking as a citizen about a matter of public concern.

To succeed on a First Amendment retaliation claim, a plaintiff must establish that the activity in question is protected by the First Amendment and that the protected activity was a substantial factor in the alleged retaliatory action. Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006). Whether or not the statement at issue is protected in the first instance is a question of law and will be found where: (1) in making the statement, the employee spoke as a citizen; (2) the statement involved a matter of public concern; and (3) the government employer did not have "an adequate justification for treating the employee differently from any other member of the general public" as a result of the statement he made. Id., quoting Garcetti v. Ceballos, 547 U.S. 410, 418 (2006) ("Garcetti"). See Pickering v. Bd. of Educ., 391 U.S. 563, 568 (1968) ("[t]he problem in any case is to arrive at a balance between the interest of the [employee], as a citizen, in commenting upon matters of public concern and the interests of the State, as an employer, in promoting the efficiency of the public services it performs through its employees"). Where, however, "public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti, 547 U.S. at 421.

Here, Defendants categorize Bielewicz's speech as nothing more than a complaint about removing a student from her class based on her interpretation of school policy and concern for the student's education. Relying on Garcetti, Defendants then argue that because Bielewicz was speaking "on the job, about the job," her complaints were made pursuant to her official duties as a teacher and are not protected by the First Amendment.

In Garcetti, the plaintiff was a "calendar" deputy district attorney who had certain supervisory responsibilities over other lawyers in the office. In February of 2002, the plaintiff was contacted by a defense attorney regarding inaccuracies in an affidavit used to obtain a search warrant in a pending case and was asked to review the matter. Id. at 413-14. Following an investigation, the plaintiff concluded that the affidavit did in fact contain serious misrepresentations and confronted the affiant. Id. at 414. Having failed to receive a satisfactory explanation for the inaccuracies, the plaintiff reported his findings to his supervisors and prepared a memorandum in which he recommended that the case be dismissed. Id. A meeting subsequently took place amongst the plaintiff, his supervisors, the affiant, and other law enforcement personnel, following which the district attorney's office decided to proceed with the prosecution. Id. The defense attorney filed a motion challenging the warrant, and the plaintiff was called to testify at the hearing by the defense. Id. Although the trial court rejected the challenge to the warrant, the plaintiff was allegedly subjected to a series of retaliatory employment actions thereafter including being reassigned to a trial deputy position, being transferred to another courthouse, and being denied a promotion. Id. at 415.

The plaintiff filed suit alleging, inter alia, the he was retaliated against in violation of his First Amendment rights for writing the memorandum recommending that the criminal case be

dismissed. The Supreme Court of the United States ultimately concluded that the plaintiff's speech was not protected because he was not speaking as a citizen when he prepared and presented his memorandum to his supervisors but was expressing his views pursuant to his official duties. Id. at 421-22. Specifically, the Court found that the plaintiff was fulfilling his responsibilities as a prosecutor by advising his supervisor of the progress of a pending case and that limiting an employee's speech that arises only because of his employment responsibilities does not encroach freedoms he may enjoy as a citizen but merely "reflects the exercise of employer control over what the employer itself has commissioned or created." Id. Because the plaintiff wrote the memorandum while performing the work he was paid to perform, the Court concluded that the First Amendment did not protect him from managerial discipline in relation thereto. Id.

Here, Bielewicz was employed by the School District as a Spanish teacher. (ECF No. 1, ¶ 7). Although it is not entirely clear what job responsibilities fall within that ambit, reporting suspected policy and ethical violations by her supervisors would not appear to be one of them. Moreover, although Bielewicz may also have been concerned about the student's education, which is seemingly any teacher's responsibility, that fact does not serve to broaden her job responsibilities so as include reporting violations of school policy or the Code of Professional Practice and Conduct for Educators. See Swineford v. Snyder County Pa., 15 F.3d 1258, 1271 (3d Cir. 1994), quoting Czurlanis v. Albanese, 721 F.2d 98, 103 (3d Cir. 1983) (quoting Connick v. Myers, 461 U.S. 138, 147 (1983)) ("[b]ecause of the nature of their employment, speech by public employees is deemed to be speech about public concern when it relates to their employment so long as it is not speech 'upon matters of *only* personal interest'") (emphasis

added); McHugh v. Bd. of Educ., 100 F. Supp. 2d 231, 240 (D. Del. 2000) (plaintiff's personal interest in making certain statements did not negate that they related to a matter of public concern). See also Azzaro v. County of Allegheny, 110 F.3d 968, 978 (3d Cir. 1997) (finding that the employee's motive is not dispositive but is merely one factor to be considered in characterizing his or her speech). Thus, viewing the allegations in the complaint in a light most favorable to Bielewicz as is required, it cannot be said at this juncture that her speech falls outside of the First Amendment's protection.

Defendants also argue that Bielewicz's speech does not enjoy First Amendment protection because, even if she was speaking as a citizen, her complaints that school policy was not followed is not a matter of public concern.

> A public employee's speech involves a matter of public concern if it can be fairly considered as relating to any matter of political, social or other concern to the community. In this respect, we focus on the content, form, and context of the activity in question. The content of the speech may involve a matter of public concern if it attempts to bring to light actual or potential wrongdoing or breach of public trust on the part of the government officials.

Baldassare v. New Jersey, 250 F.3d 188, 195 (3d Cir. 2001) (internal quotations and citations omitted). See Connick v. Myer, 461 U.S. 138, 147-48 (1983). See also Feldman v. Philadelphia Housing Authority, 43 F.3d 823, 829 (3d Cir. 1994) ("[d]isclosing corruption, fraud, and illegality in a government agency is a matter of significant public concern"); Swineford v. Snyder County, 15 F.3d 1258, 1271 (3d Cir 1994) ("speech disclosing public officials' malfeasance is protected").

In the instant case, notwithstanding Defendants' arguments to the contrary, practices employed by the Principal, Superintendent and the Assistant Superintendent of a school district

that allegedly violate the school district's policies and constitute ethical violations would appear to be a matter of concern to the community. Indeed, the Court of Appeals for the Third Circuit has repeatedly held that a public employee's criticism of internal office procedures is properly considered a matter of public concern. See Zamboni v. Stamler, 847 F.2d 73, 77 (3d Cir. 1988) (civil service employee's criticism of county prosecutor's reorganization and promotion plan); Rode v. Dellarciprete, 845 F.2d 1195, 1201 (3d Cir. 1988) (state police civilian employee communication to reporter alleging speaker was harassed because of racial animus); Czurlanis v. Albanese, 721 F.2d at 104 (county auto mechanic's criticism of internal management of Department of Motor Vehicles); Monsanto v. Quinn, 674 F.2d 990, 996-97 (3d Cir. 1982) (tax department employee's letters to tax commissioner expressing dissatisfaction with management of Tax Division); Trotman v. Bd. of Trustees, 635 F.2d 216, 225 (3d Cir. 1980) (professor's criticism of university president's efforts to increase faculty/student ratio). See also McHugh v. Bd. of Educ., 100 F. Supp. 2d at 240 ("McHugh's statements were addressed to issues of student safety, public officials' alleged malfeasance, and School Board policies, all of which are clearly matters of public concern"). Because questioning the propriety of removing a student from a class in order to avoid a failing grade touches on the manner in which the School District is discharging its responsibilities and suggests potential wrongdoing as well as breach of the public trust, it appears that Bielewicz's speech addresses a matter of public concern and is protected by the First Amendment. See Baldassare v. New Jersey, 250 F.3d at 196-97. Cf. Borden v. Sch. Dist. of East Brunswick, 523 F.3d 153, 170 (3d Cir. 2008), cert. denied, ___ U.S. ___, 129 S. Ct. 1524 (2009) (finding that the plaintiff's speech was not a matter of public concern because it did "not touch upon the way in which a government institution is discharging its responsibilities").

9

Bielewicz has also brought a claim under the Pennsylvania Whistleblower Law, which Defendants argue should be dismissed because Bielewicz has failed to demonstrate that she reported an instance of "wrongdoing" by the School District or a School District employee as is required under the statute. Specifically, Defendants contend that Bielewicz's failure to point to a specific regulation or provision of a code of conduct that was allegedly violated is fatal to her claim.

Under the Pennsylvania Whistleblower Law,

> No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.

43 P.S. § 1423(a). "Wrongdoing," in turn, is defined as: "[a] violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer." 43 P.S. § 1422. See Golaschevsky v. Dep't of Environmental Protection, 554 Pa. 157, 162, 720 A.2d 757, 759 (1998).

In the instant complaint, Bielewicz has alleged that Defendants removed a failing student from her class and placed the student in another class where he or she received 100 percent during the third quarter of the 2009-2010 school year.[1] (ECF No. 1, ¶¶ Intro., 9, 12, 13). Bielewicz also alleges that transferring the student and failing to correct the student's grade was in contravention of school policy as well as the Code of Professional Practice and Conduct for Educators which ensures that all students are treated consistently and equitably. (ECF No. 1, ¶¶

---

1 Bielewicz also alleges that the student had been caught cheating on a quiz. (ECF No. 1, ¶ 10).

Intro., 12, 15, 21). Moreover, Bielewicz contends that Defendants have committed ethical violations at other times by forcing her to arbitrarily change students' grades; allowing plagiarized reports to be rewritten; and by allowing a student caught cheating to redo the work. (ECF No. 1, ¶ 16).

In the Court's view, these allegations set forth sufficient facts to state a claim for relief under the Pennsylvania Whistleblower Law that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. at 570. Although Bielewicz does not specifically identify the policy or provision of the ethical code she alleges have been breached, the facts alleged certainly suggest that Defendants' actions were violative of "a code of conduct or ethics" for school officials and, thus, constitute a "wrongdoing" under the statute. Because Bielewicz is only required at this stage of the litigation to state enough facts to raise a right to relief above the speculative level, she has met that burden and Defendants' motion in this regard should be denied.

Nor does McNamee v. County of Allegheny, 2007 WL 2331878 (W.D. Pa. Aug. 13, 2007), upon which Defendants rely, compel a different result, as McNamee was decided at the summary judgment stage of the proceedings long after discovery had closed. A close reading of the Opinion filed in that matter, which review of the complaint confirms, suggests that the plaintiff did not identify any statutes, regulation, ordinances or codes that the defendant violated in her complaint either but cited to various regulations for the first time in the brief she filed in opposition to the defendant's motion for summary judgment. Id. at *4-*5. See McNamee v. County of Allegheny, C.A. 2:05-cv-01536: ECF No. 1. Thus, the fact that the Court granted summary judgment to the defendant on the plaintiff's whistleblower claim because the regulations cited by plaintiff in her brief were too general and vague to permit the conclusion that

11

the defendants had a specific duty to put locks on shower doors as the plaintiff had alleged in the complaint, is of no moment. Indeed, in so finding, the Court rejected the plaintiff's argument that she should survive summary judgment because she adequately alleged "wrongdoing" in the complaint, stating that whether or not the plaintiff stated a claim for relief in the complaint was inapplicable to the motion for summary judgment. Id. at *4.

Instantly, all that is required of Bielewicz at this stage of the proceedings is to "allege facts suggestive of [the proscribed] conduct" and "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim." Phillips v. County of Allegheny, 515 F.3d at 231. As previously discussed, Bielewicz's complaint satisfies these requirements and, thus, Defendants' motion is properly denied.

Defendants also argue that Bielewicz has failed to state claim under the Pennsylvania Whistleblower Law because she has failed to plead a *prima facie* case of retaliatory termination. Relying on Golaschevsky v. Dep't of Environmental Protection, 554 Pa. 157, 720 A.2d 757 (Pa. 1998), Defendants specifically argue that Bielewicz has failed to allege sufficient facts to establish a causal connection between her report of wrongdoing and the Defendants' decision to terminate her employment. Defendant's reliance on Golaschevsky, however, is misplaced as it too was decided at the summary judgment stage of the proceedings. Indeed, contrary to Defendants' argument, the Court did not find that Golaschevsky failed to plead sufficient facts in his compliant to establish a causal connection but, rather, found that he failed to present sufficient evidence following discovery to connect his report of wrongdoing to his dismissal. Id., 554 Pa. at 163, 164, 720 A.2d at 759, 760. Because Bielewicz has alleged in the complaint that she was retaliated against for questioning the propriety of Defendants' actions, much as

12

Golaschevsky did in his complaint, she has properly stated a claim under the Pennsylvania Whistleblower Law.² Whether or not Bielewicz is able to discover the necessary evidence to establish that causal connection remains to be seen but is not yet an issue before the Court. As such, Defendants' motion in this regard should be denied as well.

Finally, Defendants argue that Bielewicz's claims for punitive damages should be dismissed because punitive damages are not available against the School District or the individual defendants under Section 1983. Bielewicz has rightfully conceded the issue and, thus, her claims for punitive damages are properly dismissed. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) ("we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983").

D.      Conclusion

For the foregoing reasons, is respectfully submitted that the motion to dismiss filed by defendants (ECF No. 6) be granted with respect to plaintiff's claims of punitive damages and denied in all other respects.

In accordance with the Magistrate Judges Act, 28 U.S.C. ' 636(b)(1)(B) & (C), and Local Rule 72.D.2 B, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections on or before February in accordance with Local Civil Rule 72.D.2.

---

2 Indeed, the Court in Golaschevsky noted that Golaschevsky alleged in the complaint only that "he was the victim of improper retaliatory termination because he reported alleged copyright violations by DER employees. Id., 554 Pa. at 160, 720 A.2d at 758.

Respectfully submitted,

_____
Chief United States Magistrate Judge

Dated: February 9, 2011